Gibson, J.
The alleged commission by the defendant on November 15,1968 of criminal acts unrelated to those for which he was on trial was proven by the People, who seek to justify the production of this ordinarily irrelevant evidence (1) as probative of disposition refuting the defense of entrapment, interposed to a charge of crime committed prior thereto, on November 11, 1968; and (2) as countering the defense of duress, interposed to a charge of crime committed thereafter, on November 19, 1968. Additionally, the People referred to defendant’s alleged possession, on December 15, 1968, of marijuana and a hypodermic syringe, to test the opinion of a character witness testifying to defendant’s good reputation as of the time of the alleged crimes of November 11, 1968 and November 19, 1968. These various time factors underlie appellant’s claims of error.
Through the efforts of undercover police officers, aided by an informer, the defendant was indicted, and subsequently arrested and tried, upon charges of criminal possession of a dangerous drug, second degree, and criminally selling a dangerous drug, second degree, each committed on November 11, 1968, and with like possession and sale, second degree, each committed on November 19, 1968. Defendant was, by verdict of a jury, acquitted of the counts of possession and sale charged to have been committed November 11, 1968 and convicted of the charges of possession and sale alleged to have been committed November 19, 1968.
As to the November 11 transaction, involving a sale of heroin to the undercover officers, after they had been introduced to defendant by their informer, defendant denied any unlawful complicity, asserting, in effect, that he had been framed by *202 the informer; and to the charges arising out of this transaction he interposed the defense of entrapment.
As to the November 19 transaction, another sale to the same undercover officers was involved. Defendant, having interposed the defense of duress, testified that, following threats and physical compulsion by the officers, he gave to his friend, subsequently identified as an informer, $28 which the officers had given him and accompanied the informer to an unfamiliar area where the latter entered a house and returned with an envelope which defendant later gave to the officers.
On cross-examination bearing upon both the November 11 and November 19 transactions, defendant was asked whether, on November 15, 1968, he had possessed and had sold to these same officers a substance which he represented to be heroin, and this he categorically denied. Thereafter, the People recalled one of the detectives, who testified that on November 15 defendant sold to him and to the other detective envelopes containing a white powder, represented to be heroin; and the People then proved by a police chemist that the substance was free of heroin, and certain glassine envelopes and certain laboratory records were thereupon offered and received in evidence. There was and is no suggestion that any conviction followed and ordinarily, of course, the People would be bound by defendant’s denials on cross-examination and- would not be permitted to produce proof in contradiction (People v. Sorge, 301 N. Y. 198, 201; Richardson, Evidence [9th ed.], § 510, p. 515). The People concede that the detective’s testimony 11 would be inadmissible for the sole purpose of showing the defendant’s criminal propensities, or to impeach the defendant’s credibility”; but contend that it “ was properly admitted to establish the defendant’s intent relative to the sales of heroin charged, after the element of intent was placed squarely in issue by the defenses of entrapment and duress.”
The defense of entrapment is new to New York criminal procedure. Section 40.05 of the Penal Law, so far as here pertinent, provides for it, as follows: “ In any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was induced or encouraged to do so by a public servant, or by a person acting in cooperation with a public servant, seeking to obtain evidence *203 against him for the purpose of criminal prosecution, and when the methods used to obtain such evidence were such as to create a substantial risk that the offense would be committed by a person not otherwise disposed to commit it. Inducement or encouragement to commit an offense means active inducement or encouragement. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.”
Duress is also constituted a defense, and section 40.00 of the Penal Law, defining it, provides, so far as here pertinent: “ 1. In any prosecution for an offense, it is an affirmative defense that the defendant engaged in the proscribed conduct because he was coerced to do so by the use or threatened imminent use of unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would have been unable to resist.”
It is provided by section 25.00 (subd. 2) of the Penal Law that when an affirmative defense is raised, “ the defendant has the burden of establishing such defense by a preponderance of the evidence ” and we have recently found unwarranted the “ [c] oncern [that] has been expressed whether constitutional due process limitations are invaded by placing the burden of persuasion on a defendant with respect to the defense of entrapment ” (People v. Laietta, 30 N Y 2d 68, 74).
Thus, the defendant was under the burden of proving entrapment by showing that he was “ a person not * * * disposed to commit ’ ’ the drug crimes charged, and of proving duress by satisfying the jury that he was coerced to commit them by the use or threat of force overcoming his will; and the People assert that they were, therefore, entitled to refute his proof by evidence of his intent or disposition to commit criminal acts of that nature.
That proposition would seem logically to follow and it does, indeed, find support in high authority. Thus, Chief Justice Hughes, writing for the court, after finding the predisposition and criminal design of the defendant relevant to the defense of entrapment, said: ‘ ‘ The Government in such a case is in no position to object to evidence of the activities of its representatives in relation to the accused, and if the defendant seeks acquittal by reason of entrapment he cannot complain of an *204 appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue. If in consequence he suffers a disadvantage, he has brought it upon himself by reason of the nature of the defense.” (Sorrells v. United States, 287 U. S. 435, 451-452.)
The Sorrells rule was reaffirmed in Sherman v. United States (356 U. S. 369, 376) in which, however, the Government’s proof of defendant’s previous narcotics convictions — one a nine-year-old sales conviction and the other a five-year-old possession conviction — was held insufficient to prove defendant’s “ readiness to sell narcotics ” (p. 375) at the time of the crime charged. The rule is said to have been “ adopted overwhelmingly by the states ” (Note, 32 Brooklyn L. Rev. 353, 356; and see 18 A. L. R. 146; 66 A. L. R. 478; 33 ALR 2d 908). Upon the authority of Sorrells and Sherman, it has been said: “ As a practical matter, therefore, the defense of entrapment would not be available to the person who regularly engages in illegal enterprise ” (Practice Commentary by Richard G. Denzer and Peter McQuillan, McKinney’s Cons. Laws of N. Y., Book 39, p. 84, under Penal Law, § 35.40 [now § 40.05] ).[1]
. Concluding, then, that proof of the criminal disposition of a defendant claiming entrapment is relevant generally, and reserving, for a moment, discussion of appellant’s assertion that evidence of criminal acts following by four days the November 11 incident was irrelevant, we turn then to the duress defense.
As has been noted, defendant testified to a series of violent threats and to physical compulsion at the hands of the same undercover police detectives for some considerable time while he asserted that he knew nothing of narcotics, and until he finally got in touch with his friend, the informer previously mentioned, who took from him the money given him by the officers and returned with an envelope which defendant delivered to them. This was the substance of the duress defense and thus defendant met the charges of possession and selling by confession and avoidance.
*205 The People contend that proof of another crime is proper to rebut the defense of duress for the same reason that renders it competent to refute the claim of entrapment, that is, to rebut the denial, implicit in each defense, of any criminal intent. Concluding, as we have, that proof of other sales would be competent to rebut the entrapment defense interposed in a narcotics prosecution, it is rather clear that parity of reasoning compels the same conclusion with respect to the duress defense. Under each defense there is asserted, and a defendant may prima facie prove, absence of the criminal intent ordinarily inferable from the admitted acts of commission; under one he asserts that he was persuaded, under the other that he was coerced, i.e., “induced or encouraged ” in one case (§ 40.05, entrapment) or “ coerced ” in the other (§ 40.00, duress). Indeed, the terms “ induced ” and “ coerced ” differ only in respect of the pressures exerted; so that, if prior criminal acts of the same nature may properly be proved to rebut the defense that defendant was “ coerced ” into the transgression, like proof may properly be received in refutation of a claim that he was ‘[1] induced or encouraged ” to transgress. In one case, as in the other, his intent—meaning his will and volition — is overcome by force or by persuasion, as the case may be, exerted by another. And thus, because — and only because — defendant tenders the issue of innocent intent which his admitted acts would otherwise belie, the People should be permitted, in respect of each defense, to prove a disposition inconsistent with an intent or disposition free of criminality.
This conclusion does not suggest a new rule of evidence by way of an additional exception to the general exclusionary rule; but is well within the frame of the standards set in People v. Molineux (168 N. Y. 264). Thus, to quote a leading text: “In the celebrated Molineux case, the Court of Appeals pointed out that where evidence of the collateral criminal act is relevant to establish: (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes, so related to each other that proof of the one tends to establish the other; or (5) the identity of the perpetrator of the crime charged, the evidence is admissible. The categories in the Molineux case must be *206 regarded as illustrative merely. There is no closed category of relevancy.” (Richardson, Evidence [9th ed.], § 175, p. 159.)
Appellant contends, however, that insofar as the proof of his acts of November 15 was tendered to refute his defense of entrapment asserted against the charges of crime committed November 11, the evidence was not relevant — that “ predisposition ” may not be shown by proof of subsequent acts. Ordinarily, of course, the statutory test of whether a defendant was not “ disposed to commit ” a drug offense would look to prior acts; but that is not to say that acts subsequently occurring or physical conditions existing as of a later time may not in some cases reflect a disposition or condition antedating the criminal act charged; and certainly they may have that effect when shown as part of a continuing transaction or a chain of events initiated before and continuing after the offense in issue. In other cases, a subsequent incident alone may sometimes be of such a nature and so related to disposition as to render proof of the incident relevant.[2] Collateral evidence of this nature must always undergo the scrutiny and preliminary evaluation of the Trial Judge, who is charged with the responsibility of excluding it when its relevance to disposition is remote or its probative effect so doubtful as to be outweighed by the prejudice its reception will engender.- In this case, clearly, proof of defendant’s alleged criminal acts intermediate the November 11 and November 19 incidents was, under the circumstances, relevant to the jury’s consideration of defendant’s disposition and volition. This, of course, would lead to a determination of the motivation of the offenses charged, which, under the asserted defenses, were necessarily conceded.
Appellant advances claims of error arising out of the cross-examination of a character witness. After eliciting proof of defendant’s good reputation, defense counsel asked the wit *207 ness whether he had ever heard anything as to defendant’s possessing or selling heroin, and now complains that the prosecution was permitted to pursue the same subject, thus gratuitously and improperly introduced by the defense.[3]
Further, while now complaining of the prosecutor’s inquiries as to subsequent acts, defense counsel himself sought to utilize the character evidence, which he adduced, to establish defendant’s credibility as of the time of the trial, at which defendant testified. Finally, the long and occasionally acrimonious colloquy detailed in appellant’s brief and appendix was had in the jury’s absence. If the court erred in permitting the interrogation now complained of, the error affected no substantial right of the defendant (CPL 470.05, subd. 1).
Appellant’s remaining assignments of error are insubstantial and not such as to require discussion.
The order appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Bbeitel and Jasen concur.
Order affirmed.

. Only one reported New York case appears to have passed on the question, and there it was held that “the defendant’s past criminal record is clearly admissible on the question of predisposition regardless of whether the defendant takes the stand” (People v. Chambers, 56 Misc 2d 683, 685-686).

. As appears from a colloquy, the jury being absent, the Assistant District Attorney’s questions related to defendant’s alleged possession of a hypodermic syringe and a quantity of marijuana at the time of his arrest over a month after the dates of the crimes for which he was tried, but the basis of the inquiries was not disclosed to the jury.

. The issue of disposition now tendered by these newly recognized defenses has long been a proper subject of proof in the prosecution of offenses in such categories as sex crimes; and other sex acts tending to show disposition may be proven. "Evidence of such acts, whether prior to or subsequent to the act in question, is admissible where they are so related by brevity of time or continuity of disposition or otherwise to the principal act as to indicate the mutual disposition of the parties.” (Richardson, op. cit., § 187, pp. 169-170; emphasis supplied.)