■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTRELLA FLANAGAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 14, 1974, convicting him of criminally selling a controlled substance in the first degree and in the second degree, upon a jury verdict, and imposing sentences. Judgment affirmed. One of the crucial questions bearing on the propriety of defendant's conviction is whether in delivering the prohibited drugs to the undercover police officer he was acting as a seller or whether he merely procured the drugs from another as the agent for the police. The Trial Justice properly charged the jury that if defendant were merely acting as an agent in procuring and delivering the drugs he could not be found guilty (cf. *People v Hingerton,* 26 NY2d 790, 792; *People v Pierce,* 40 AD2d 581; and *People v Pulliam,* 28 AD2d 786). Since defendant's principal contention was that he was acting as an agent and that the proof that tended to show that he was a seller was equivocal, it was proper for the People to introduce tapes of conversations with defendant to show the intent with which he had acted *(People v Condon,* 26 NY2d 139; *People v Marrin,* 205 NY 275, 280; *People v Mann,* 31 NY2d 253; *People v Calvano,* 30 NY2d 199) and this is so even though the uncharged crimes shown by the tapes dealt with events which occurred subsequent to the dates of the crimes set forth in the consolidated indictments *(People v Shulman,* 80 NY 373, n, p 376; Richardson, Evidence [Prince, 10th ed], § 177 *et seq.).* The racial references in the

tapes should have been redacted. While there is no justification for the District Attorney's insistence that the tapes go in "as is" or in the trial court's refusal to sustain defendant's objection, under the proof in this case it is clear beyond a reasonable doubt that the references were not prejudicial. Upon a close or closer issue of fact such improper conduct could well result in a reversal. Hopkins, Acting P. J., Martuscello, Cohalan, Brennan and Shapiro, JJ., concur.