■ BERNADETTE MURRAY, Respondent, v NORMAN LIBERMAN, Appellant.—The respective attorneys for the parties on this appeal from an order of the Supreme Court, Queens County, entered August 7, 1975, have agreed that the appeal be withdrawn and that the action shall be tried on November 10, 1975, with plaintiff to file, and pay the fee for, the note of issue, after a conference in this court before Mr. Justice GITTLESON on October 31, 1975, and thereupon signed a stipulation to such effect. In accordance with the foregoing, the appeal is deemed withdrawn, without costs, and it is further ordered that the case proceed to trial on November 10, 1975, with plaintiff to file, and pay the fee for, the note of issue. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL RICKENBACKER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 13, 1974, convicting him of criminal sale of a dangerous drug in the third degree, and other crimes, upon a jury verdict, and imposing sentence. Judgment affirmed. The record indicates that the jury's verdict was clearly supported by evidence establishing defendant's guilt beyond a reasonable doubt. Defendant's principal assignment of error is his contention that the barring of spectators from the courtroom, when undercover police officers testified, deprived him of his right to a public trial. The trial court admittedly has the power to close the courtroom to spectators when the circumstances of the case warrant such procedure. The circumstances of this case reasonably warranted that procedure because, at the time of the trial, the undercover police officers were still operating as such in the general area in which the drug traffic in question had taken place. Further, the barring of the public was for the protection and the safety of the undercover officers (see *People v Hinton,* 31 NY2d 71, cert den 410 US 911). We have considered the other contentions raised by defendant and find them to be without merit. They are not advanced as tending to establish his innocence of the crimes of which he was convicted. They undertake to raise procedural technicalities which, even if technically sound, could not reasonably be considered prejudicial error warranting a reversal (cf. *People v Crimmins,* 36 NY2d 230, 232). Latham, Acting P. J., Cohalan, Brennan, Munder and Shapiro, JJ., concur.

■ MARY C. RHODES, Respondent, v TOWN OF DEERPARK et al., Appellants, et al., Defendant.—In an action *inter alia* to reform a conveyance and to bar defendants from asserting any claims to certain premises, the appeal is from a judgment of the Supreme Court, Orange County, dated February 11, 1974, in favor of plaintiff, after a nonjury trial. Judgment affirmed, with costs. Plaintiff established by a fair preponderance of evidence that she and her husband, defendant Richard K. Rhodes, intended that he should convey to her the entire tract in question and not just the small parcel labeled "Otisville Dump" on the survey. Despite some ambiguity, his 1965 deed to her, reasonably construed, gave effect to their intention, and the trial court properly so found. The defendant Town of Deerpark took its deed with notice of the first deed and of plaintiff's claim. Hopkins, Acting P. J., Martuscello, Margett, Christ and Munder, JJ., concur.