Duncan S. McNab, J.
Codefendants John O’Keefe and James Gulliver, acting in concert, stand charged with the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree* (i.e., with intent to sell) and criminal possession of a controlled substance in the seventh degree, all stemming from an alleged sale of heroin to undercover officer Josiah Landers at 1085 Warburton Avenue in Yonkers on October 21, 1975. Both defendants chose to go to trial before the court and made written waivers of their right to a jury trial.
The defendants have raised the defense of agency, asserting that they went into New York to buy heroin at the behest of a friend, one Jerry Herman, who lived at 1085 Warburton Avenue and who was "sick” and in need of drugs. They stated that upon purchasing the drugs, they returned to 1085 Warburton Avenue and gave the drugs to Landers, who had driven Herman, O’Keefe and one Robert Coverdale into Harlem earlier that day on an unsuccessful drug run, and who had provided the defendants with the $70 used to make the purchase in question. The testimony showed that Herman, although ill, set up the meeting between O’Keefe and Landers in the lobby of 1085 Warburton Avenue wherein Landers provided the money for the buy.
The question presented is, whether the People should be permitted, in order to disprove the defense of agency, to introduce evidence of the defendants’ prior drug offenses, as bearing on the issue of the intent with which the defendants *741 acted. The law is well-settled that while evidence of other criminal acts of a defendant is ordinarily inadmissible upon the People’s case in chief, as tending to show propensity, such evidence is admissible to rebut the affirmative defense of entrapment, whereby the defendant raises the issue of his predisposition and criminal design. (Penal Law, § 40.05; People v Calvano, 30 NY2d 199.) While the defendants agree that such testimony would be proper in a case involving entrapment, they object to its introduction in the agency situation at bar arguing that the People have failed to demonstrate any exception to the general rule excluding proof of prior unrelated crimes, that the prejudicial effect of such testimony would far outweigh its probative value and that in any event, such proof should not be permitted on cross-examination. This court feels that where a defendant raises an agency defense, the People should be allowed to introduce evidence of his prior drug offenses, since such proof may help to explain the intent with which the defendant acted. (See People v Flanagan, 47 AD2d 959.) In the leading case of People v Molineux (168 NY 264) as discussed in People v Calvano (supra) and People v Mann (31 NY2d 253) the Court of Appeals pointed out that where evidence of a collateral criminal act is relevant to establish, among others, intent, the evidence is admissible. Particularly in a case such as the one at bar, where the undercover officer’s act of giving defendant O’Keefe $70 to make a purchase is clearly equivocal and susceptible of different interpretations, proof of the defendants’ prior business activity in narcotics seems entirely relevant to show whether they intended to act solely as the buyer’s agent or whether they were knowingly participating in the sale of narcotics. Such evidence could also properly be offered on cross-examination, as it was here, and would not constitute improper impeachment, since the evidence is independently admissible on the essential issue of defendant’s intent to sell. (People v Schwartzman, 24 NY2d 241, cert den 396 US 846; see People v Bucher and Gordon, 30 NY2d 708; People v Silverman, 23 AD2d 947.) The court feels that the present case, involving acts of a highly equivocal nature, is the type of case where "proof of intent is often unobtainable except by evidence of successive repetitions of the act”. (People v Schwartzman, supra, p 248, quoting People v Molineux, supra, p 298.)
However, despite the introduction of various prior drug offenses relating to both of the codefendants, the court cannot *742 find, beyond a reasonable doubt, that the People have disproved the defense of agency. Upon all the testimony and circumstances as set forth in the record, the court is persuaded that the defendants purchased heroin here solely at the behest of and as agents of the buyer, Mr. Jerry Herman. The court thereby finds the defendants not guilty of the crime of criminal sale of a controlled substance in the third degree. However, the testimony does show that both of the defendants, acting in concert, did knowingly and unlawfully possess heroin. Since agency is no defense to the crime of possession, the court finds the defendants guilty of criminal possession of a controlled substance in the seventh degree.

 Dismissed as a noninclusory concurrent offense of sale in the third degree prior to summations.