■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER MEDINA and RAUL RODRIQUEZ, Also Known as RAUL RODRIGUEZ, Appellants. —Appeal by defendants from two judgments (one as to each of them) of the Supreme Court, Kings County, both rendered August 20, 1974, convicting each of them of criminally selling a dangerous drug in the first degree and criminal possession of a dangerous drug in the first and fourth degrees, upon a jury verdict, and imposing sentence. Judgments affirmed. On June 26, 1973, Detective Saul Rodriguez met the defendants and an unknown male at defendant Rodriguez' apartment, where the defendants engaged in presale activities of weighing and preparing cocaine. Detective Rodriguez signaled his back-up team which, upon its arrival, arrested the defendants. We neither condone nor excuse the prosecutor's contumacious behavior during the proceedings. However, we do not believe that the totality of the incidents prevented the jury from making a determination on the evidence. Most of the objectionable conduct of interruptions, numerous clashes between the court and the prosecutor, defense counsel and the prosecutor, and trivial arguments, which unnecessarily extended the trial, occurred out of the jury's presence. Moreover, the proof adduced at the trial established the essential elements of the crimes charged beyond a reasonable doubt. To reverse the judgments on this score would only provide guilty defendants with an undeserved windfall. Detective Rodriguez, prior to and at the time of his testimony, was engaged in undercover narcotics investigations. Disclosure of his identity would not only have destroyed his usefulness, but could have jeopardized his life. Moreover, the exclusion of the wife of one of the defendants was tempered by the furnishing to her of a transcript of the minutes of the detective's testimony. Under the circumstances here present, we find no prejudicial error in the exclusion of the public (see *People v Hinton,* 31 NY2d 71, 74; *People v Garcia,* 51 AD2d 329, 331; *People v Rickenbacker,* 50 AD2d 566). The defendants also contend that the identity of the informant should have been disclosed. The identity of the defendants was established by Detective Rodriguez' testimony. The informant was not present at defendant Rodriguez' apartment on the date of the events charged in the indictment. At most, he was present for part of two earlier conversations between the defendant Rodriguez and Detective Rodriguez regarding narcotics. Although his testimony might have been relevant with regard to those earlier discussions, under the circumstances present its absence did not constitute reversible error. The record indicates that the

police were unable to locate the informant and that the information relating to his whereabouts was not within the prosecutor's possession. The role of the informant was to introduce the undercover officer to the defendant Rodriguez and, by his presence, indicate that it was safe to deal with the officer. Beyond that he took no active role by way of instigation or encouragement. Under this circumstance, we do not find the failure to produce the informant or to disclose his identity a prejudicial error (see *People v Pena*, 37 NY2d 642, 644–645; *People v Garcia*, 51 AD2d 329, 332, *supra*). Lastly, the defendant Rodriguez contends that evidence of prior uncharged crimes was improperly introduced to attempt to demonstrate his criminal propensities. We find that the testimony alluding to prior narcotics sales was properly admissible as it pertained to the issue of that defendant's criminal intent in the sale of the narcotics (see *People v Calvano*, 30 NY2d 199, 205; *People v Flanagan*, 47 AD2d 959). Latham, Acting P. J., Margett, Suozzi and Mollen, JJ., concur.