■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOLORES ANDUJAR, Appellant.—Judgment, Supreme Court, New York County, dated May 17, 1976, convicting defendant of the crime of criminal sale of a controlled substance in the second degree (Penal Law, § 220.41), and sentencing him to a term of six years to life imprisonment, is unanimously reversed, on the law, and a new trial directed. Defendant was charged with the sale of heroin to an undercover officer in defendant's grocery store on January 22, 1975. Defendant took the stand and on his direct examination testified that he had never possessed or used heroin and, implicitly, that he had never sold any. In rebuttal, the District Attorney was permitted to show another sale by defendant on January 27 from the same grocery store to an informant. Normally, subject to the exceptions in *People v Molineux* (168 NY 264), the jury is not to be informed of the defendant's guilt of an unrelated crime. A defendant who takes the stand, however, may be cross-examined as to unrelated crimes. But this evidence is admitted only as bearing on credibility and not as evidence in chief; and such evidence is deemed collateral in the sense that the prosecutor is bound by the defendant's answers (again with certain exceptions), and may not introduce independent evidence to prove the falsity of defendant's statements. Where, however, a party testifies to what would otherwise be collateral matter involving solely credibility on direct examination, he does not preclude his adversary from introducing independent evidence to show that the testimony thus given is false. He has " 'opened the door' on the issue, made what he later argued was a collateral issue a material one, and he could not benefit from his testimony on direct examination, yet bar its refutation on [his adversary's] case." *(Halloran v Virginia Chems.,* 41 NY2d 386, 393; *Walder v United States,* 347 US 62.) Thus, technically defendant's testimony denying that he had "ever" possessed, used, or perhaps, sold heroin opened the door to the prosecutor's proof that on another occasion he had possessed, used or sold heroin. However, in the present case, the trial was very brief; the testimony covered only about 80 pages, and of this probably one third was devoted to the incident of January 27, with the prosecution producing police officers to testify to the incident and to the search of the defendant on January 27 and the tracing of the marked money on that date, etc.. Thus, the trial was distorted and a major issue became whether the defendant was guilty of the crime on January 27. This was an excessive reaction to the three short rather general answers which the defendant had given on direct examination, and in our view, the over-all result was to deprive the defendant of a fair trial. Concur—Kupferman, J. P., Silverman, Evans, Lane and Sullivan, JJ.

■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Appellant, and ANTHONY SPERO, Respondent.—Order, Supreme Court, New York County, entered September 27, 1977, denying petitioner-appellant's motion to stay arbitration, unanimously reversed, on the law, without costs and without disbursements, and the motion granted to the extent of remanding for a hearing on whether a report of the underlying alleged accident was made to police and when, and whether respondent-respondent made all reasonable efforts to ascertain the identity of the offending vehicle. The papers in opposition to the application state no more than the hearsay allegation that some unknown person had called police. (See Insurance Law, § 608, subd [b]; *Matter of O'Rouke v Motor Vehicle Acc. Ind. Corp.,* 29 AD2d 938.) Concur—Lupiano, J. P., Birns, Silverman, Fein and Markewich, JJ.