THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN KISER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 26, 1976, convicting him of criminal sale of a controlled substance in the second degree and criminal sale of a dangerous drug in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reversing the conviction for criminal sale of a controlled substance in the second degree, and the sentence imposed thereon, and the counts of the indictment relating to the events of November 2, 1973 are dismissed. As so modified, judgment affirmed. Defendant sold 50 glassine envelopes containing heroin to an undercover officer on July 30, 1973 at 2075 Rockaway Parkway in Kings

County. Thereafter, the undercover officer telephoned the defendant and asked to purchase two ounces of heroin. Defendant quoted a price of $3,000 and told him to meet him at the Rockaway Parkway premises on November 2, 1973. The officer arrived and showed defendant the money. Defendant then drove the officer to meet Mr. Butler, his contact, in Manhattan. That man then took them to the area in The Bronx where his contact was located. The exchange of drugs and money took place in The Bronx. The drugs were brought downstairs from The Bronx apartment by Mr. Butler, who handed the drugs to defendant, who, in turn, handed them to the officer. The money was handed to defendant and then to Butler. The defendant and the officer then left the scene. Subsequent events revealed that defendant had no previous knowledge of the identity or whereabouts of The Bronx contact. Aside from the jurisdictional problems attendant to a Kings County prosecution for a Bronx County drug sale (cf. *People v King*, 61 AD2d 1035, we think the defendant's activity in this case did not amount to a criminal sale. His actions merely facilitated the undercover officer's purchase from an unknown third party. With knowledge that he was rendering aid to a person who intended to procure heroin, he helped provide the officer with the means to commit the crime of criminal possession of a controlled substance. There was no proof that he supplied the drugs or derived a profit from their sale. At most, therefore, the evidence would support a conviction for criminal facilitation, a crime for which defendant was not indicted (see *People v Volante*, 75 Misc 2d 400). Accordingly, the conviction based upon the November 2, 1973 sale has been reversed and the counts of the indictment relating to that charge have been dismissed. Shapiro, J. P., Cohalan, Margett and O'Connor, JJ., concur.