Jose AYALA, Petitioner,

v.

Charles SCULLY, Warden of Green Haven Correctional Facility, Robert Abrams, Attorney General of the State of New York and Elizabeth Holtzman, Kings County District Attorney, Respondents.

No. 83 Civ. 4749 (JES).

United States District Court, S.D. New York.

July 24, 1986.

Jose Ayala, pro se.

Elizabeth Holtzman, Dist. Atty., Kings County, Brooklyn, N.Y., Karen M. Wigle, Asst. Dist. Atty., for respondents.

## OPINION AND ORDER

SPRIZZO, District Judge:

Petitioner, Jose Ayala, moves *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254 (1982). The instant petition was referred to a Magistrate for a report and recommendation. The Magistrate recommended dismissal on the grounds that petitioner has failed to exhaust his state court remedies. Neither party has filed objections to the Magistrate's report pursuant to 28 U.S.C. § 636(c) (1982). For the reasons set forth *infra,* the Court agrees with the Magistrate's recommendation that petitioner's claim must be dismissed because petitioner has failed to exhaust his state court remedies. *See* 28 U.S.C. § 2254(c) (1982).

## BACKGROUND

On April 3, 1978, petitioner was tried and convicted in New York State Supreme Court on one count of criminal sale of a controlled substance in the first degree and one count of criminal sale of a controlled substance in the second degree. *See* Trial Transcript April 3–4, 1978 ("Tr. II") at 331–

32. At trial, petitioner attempted to establish the defense of entrapment. *See* Tr. II at 192–93. Specifically, petitioner argued that a government confidential informant entrapped petitioner when the informant set up the alleged sales of cocaine. *See id.* The state rebutted the entrapment defense by introducing evidence of a subsequent sale of cocaine by petitioner. *See* Trial Transcript March 23–31, 1978 ("Tr. I") at 128–39.[1] The trial court admitted the evidence of this third offense, over petitioner's objection, on the grounds that evidence of a similar crime is admissible to rebut a defense of entrapment, by showing a predisposition to commit the crimes charged. *See* Tr. I at 125–27.

Following petitioner's conviction, on May 15, 1978 petitioner was sentenced to indeterminate concurrent terms of fifteen years to life on the first count and six years to life on the second count. *See* Transcript of Plea/Sentence ("Tr. P.S.") at 21–22. The Appellate Division affirmed with no opinion. *See People v. Ayala,* 86 A.D.2d 987, 449 N.Y.S.2d 818 (2d Dep't 1982). The New York Court of Appeals denied petitioner's request for leave to appeal. *See People v. Ayala,* 56 N.Y.2d 808, 452 N.Y.S.2d 1028, 437 N.E.2d 1163 (1982).

## DISCUSSION

Petitioner argues in the instant petition, *inter alia,* that the trial court's admission into evidence of testimony concerning the subsequent sale of cocaine was unduly prejudicial and therefore a violation of his Fourteenth Amendment rights.[2] *See* Petition at 5–6. In his state court appellate brief, however, petitioner, who was represented by counsel, merely framed this issue by arguing that the trial court's admission into evidence of the testimony concerning the third sale was "highly prejudical and constituted reversible error." *See* Brief

---

1. At petitioner's sentencing on the instant charges, petitioner pleaded guilty to this subsequent sale of cocaine. This count was brought under a separate indictment. Petitioner was sentenced to an additional concurrent term of six years to life on this count. *See* Tr. P.S. at 2, 21–22.

2. Petitioner raises two additional claims in the instant petition. *See* Petitioner at 5–6. Respondent condedes that petitioner adequately exhausted these additional claims in the state courts. *See* Affidavit in Opposition at ¶ 13.

for Appellant ("B.A.") at 15. Petitioner failed to specifically argue, as he does in the instant petition, that the admission of this evidence violated his Fourteenth Amendment due process rights.

■ The state contends that the Court may not consider the merits of the instant petition, because, pursuant to 28 U.S.C. § 2254(c), petitioner has not exhausted his available state court remedies on this claim.[3] A petitioner has complied with § 2254(c) when his federal constitutional claim has been fairly presented to the state courts. *See Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Daye v. Attorney General,* 696 F.2d 186, 192 (2d Cir.1982) (*en banc*) *cert. denied,* 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 184 (1984). A claim is fairly presented to the state courts when:

(1) it sets forth all essential factual allegations asserted in the federal petition;[4] and

(2) it places before the state courts essentially the same legal doctrine asserted in the federal petition.

*See Daye, supra,* 696 F.2d at 191–92.

■ Where, as here, a petitioner fails to assert in the state courts a violation of the specific federal constitutional provision upon which he relies in his federal petition, a petitioner may still fulfill the second *Daye* requirement if, in his state court briefs, he relied on federal or state cases which employed a federal constitutional analysis. *See id.* at 194. However, none of the thirteen cases cited in petitioner's state court brief on the issue of the admissibility of the subsequent offense, make even a remote reference to any federal due process analysis. *See* B.A. at 15–20. In general, the cases cited by petitioner merely analyze the admissibility of evidence of other crimes to rebut an entrapment defense in terms of statutory and common law rules of evidence. *See e.g., Sorrells v. United States,* 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); *People v. Calvano,* 30 N.Y.2d 199, 331 N.Y.S.2d 430, 282 N.E.2d 322 (1972); *People v. Andujar,* 61 A.D.2d 755, 402 N.Y.S.2d 2 (1978). This is clearly insufficient to satisfy the exhaustion requirement. *See Petrucelli v. Coombe,* 735 F.2d 684, 688 (2d Cir.1984).

Even if a petitioner failed to rely on cases which employ a federal constitutional analysis, a petitioner may still have fairly presented his federal constitutional claim to the state courts if he asserted "a claim in terms so particular as to call to mind a specific right protected by the Constitution" or if he alleged "a pattern of facts that is well within the mainstream of constitutional litigation." *See Daye, supra,* 696 F.2d at 194. Where, as here, however, petitioner simply framed the issue in terms of a state law evidentiary violation by arguing that the "slight probative value of the evidence" admitted was outweighed by the "prejudice to the accused," *see* B.A. at 16, the state court is not properly alerted to

---

**3.** Respondent also argues that the Court may not reach the merits of the instant petition because granting the writ would not result in petitioner's immediate relase from custody. *See* Respondents' Memorandum of Law at 11–12. Thus, respondent notes that petitioner does not challenge his conviction on the third count, to which petitioner pled guilty, and therefore petitioner will remain incarcerated even if the writ is granted. The Court finds respondent's argument to be entirely without merit. The mere fact that the petitioner will not be immediately released from custody if the writ is granted does not prevent the Court from ruling on the merits of the petition. *See Peyton v. Rowe,* 391 U.S. 54, 66, 88 S.Ct. 1549, 1555, 20 L.Ed.2d 426 (1968). Moreover, the minimum sentence on one of the convictions challenged by petitioner is substantially longer than the minimum sentence on the

unchallenged conviction. *See* Tr. P.S. 21–22. Where, as here, a petitioner challenges the longer of his concurrent sentences, the Court clearly can consider the merits of the petition. *See Lydy v. Beto,* 399 U.S. 59, 61 (5th Cir.1968). The cases cited by respondent on this point are both factually and legally inapplicable. *See e.g., Dennis v. Hopper,* 548 F.2d 589, 590 (5th Cir. 1977) (per curiam) (refusing to consider petition challenging only the shorter of two concurrent sentences because the shorter sentence did not cause any specific detriment to petitioner).

**4.** Respondent concedes that petitioner fairly presented to the state courts the essential factual allegations of the due process claim set forth in the instant petition. *See* Affidavit in Opposition at ¶ 12.

any federal constitutional claim. *See Petrucelli, supra,* 735 F.2d at 690. Moreover, the claim alleged by petitioner in his state court brief was not within the "mainstream of constitutional litigation." *Compare Holland v. Scully,* 797 F.2d 57, 64–65 (2d Cir.1986). Petitioner has not alerted the Court to a single case, nor has the Court located any case, which analyzes challenges to the admissibility of other offenses to rebut an entrapment defense in terms of a due process violation. *Compare Osborne v. United States,* 385 U.S. 323, 332, 87 S.Ct. 429, 434, 17 L.Ed.2d 394 (1966); *United States v. Warren,* 453 F.2d 738, 745 (2d Cir.1972) (*cert. denied*) 406 U.S. 944, 92 S.Ct. 2040, 32 L.Ed.2d 331 (1972). Indeed, as noted *supra,* all of the cases cited in petitioner's appellate brief merely addressed the issue in terms of state and federal evidentiary rules. *See e.g., Sorrells, supra,* 287 U.S. at 451, 53 S.Ct. at 216; *Calvano, supra,* 30 N.Y.2d at 205, 331 N.Y.S.2d at 435, 282 N.E.2d at 325.

In sum, petitioner's argument in the state courts that the trial court erred in admitting the evidence of petitioner's subsequent sale of cocaine because the evidence was "highly prejudicial," *see* B.A. at 15, failed to reasonably apprise the state courts of the federal constitutional claim asserted in the instant petition. *Compare Daye, supra,* 696 F.2d at 196. Since the petitioner presents both exhausted and unexhausted claims, the petition must be dismissed. *See Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982).

## CONCLUSION

The instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice. Petitioner has leave to file an amended petition with the Court, eliminating the unexhausted claim, within thirty days of the date of this Opinion and Order or petitioner may return to state court to exhaust all available state remedies on the unexhausted claim.

It is SO ORDERED.