**Roberto de la CRUZ, Petitioner,**

v.

**Walter KELLY, Superintendent, Attica Correctional Facility, Attica, New York, and Robert Abrams, Attorney General of the State of New York, Respondents.**

**No. 86 Civ. 1685(RJW).**

United States District Court,
S.D. New York.

Nov. 24, 1986.

Roberto de la Cruz, pro se.

Robert M. Morgenthau, Dist. Atty., New York, N.Y., for respondents; Norman Barclay, Carol A. Remer-Smith, Asst. Dist. Attys., of counsel.

ROBERT J. WARD, District Judge.

Petitioner Roberto de la Cruz seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. De la Cruz asserts three grounds in support of the instant petition. The Court has examined both the instant petition and the papers from de la Cruz's direct appeal of his conviction in the New York state courts. For the reasons hereinafter stated, the Court concludes that de la Cruz presented all three claims raised in the instant petition to the state courts, and that he therefore has exhausted available state judicial remedies with regard to the petition as a whole. Consequently, the instant petition in its present form may be addressed on the merits.

BACKGROUND

Petitioner challenges a judgment entered May 20, 1982 on a jury verdict by the Supreme Court of New York, New York County (Atlas, J.) on indictment # 3141/77, filed April 28, 1978. De la Cruz was convicted of one count of Murder in the Second Degree, *see* N.Y. Penal Law § 125.25(2), and one count of Criminal Possession of a Weapon in the Second Degree, *see* N.Y. Penal Law § 265.03. Petitioner was sentenced to concurrent terms of imprison-

ment of from twenty years to life on the murder count and from five years to fifteen years on the weapon possession count. The Appellate Division of the New York Supreme Court, First Department, unanimously affirmed petitioner's conviction without opinion on June 11, 1985. On October 16, 1985, the New York Court of Appeals denied de la Cruz leave to appeal. 66 N.Y.2d 762, 497 N.Y.S.2d 1036, 488 N.E.2d 122 (1985).

In January, 1986, de la Cruz filed the instant petition in the district court for the Western District of New York, repeating the three claims he previously raised on direct appeal. Upon motion of the Attorney General of the State of New York, pursuant to 28 U.S.C. § 2241(d), the petition was transferred to the Southern District of New York.

As noted above, petitioner argues three grounds in support of the instant petition. As Ground One, petitioner contends that the admission of statements allegedly elicited by a jailhouse informant who, petitioner avers, had a prior arrangement with a district attorney, denied him his Sixth Amendment right to counsel and his Fourteenth Amendment right to due process. Petitioner next asserts that the trial judge improperly allowed two prosecution witnesses who had been shown a photographic lineup without notice to defense counsel to make an in-court identification of the defendant. As Ground Two, de la Cruz contends that the trial court's admission of that identification, absent notice at the time of the photographic showing, denied him his right to seek suppression of the identification and hence violated his right to due process under the Fourteenth Amendment. Finally, as Ground Three, de la Cruz argues that trial court's refusal to admit evidence that the chief prosecution witness recently fabricated his testimony that he saw de la Cruz at the scene of the crime denied him due process.

On direct appeal of his conviction, petitioner raised these identical claims. In this Court he relies on the same brief submitted by the Legal Aid Society for his direct

appeal to the Appellate Division. Respondents nonetheless contend that petitioner has not exhausted Grounds Two and Three inasmuch as he did not couch those claims "in federal constitutional terms when raised before the state courts" and indeed that they "are not raised in federal constitutional terms now." Respondents' Memorandum of Law in Support of Motion to Dismiss Writ of Habeas Corpus at 18.

## DISCUSSION

Applications for habeas corpus relief may not be addressed on the merits by a federal court until the petitioner has exhausted available state court remedies. *See Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The requirement that a person in state custody must exhaust his state remedies as a predicate to instituting an application for federal habeas relief is codified at 28 U.S.C. § 2254(b). In relevant part, the section provides:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State....

"Mixed" petitions, those containing both exhausted and unexhausted claims, must be dismissed in their entirety. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). A petitioner who has brought such a mixed petition must either abandon the unexhausted claims or return to the state courts to present them adequately before proceeding in federal court.

The Second Circuit Court of Appeals has defined what constitutes "exhaustion" in the context of federal habeas corpus petitions.

> The exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of

both the factual and the legal premises of the claim he asserts in federal court. *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir.1982) (*en banc*) (citations omitted). In *Daye*, the Second Circuit held that a claim may be viewed as having been fairly presented to the state courts "even without citing chapter and verse of the Constitution," if the state court application includes

(a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, [or] (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

696 F.2d at 194.

With this background, the Court turns to the exhaustion questions presented by this petition. As the grounds supporting his application, petitioner repeated, essentially verbatim, the argument headings for the points made in his brief on direct appeal. He attached a copy of that brief as Exhibit One and incorporated by reference substantial portions of it.

Respondents do not argue that petitioner has not exhausted his first ground, that the admission of statements allegedly elicited by a jailhouse informant, violated his right to counsel and to due process. From petitioner's brief to the New York Supreme Court, Appellate Division it appears likewise clear to the Court that de la Cruz raised this claim in appropriate constitutional terms on direct appeal. Thus, Ground One of the petition may be addressed by this Court on the merits.

Rather, respondents confine their contentions that petitioner has failed to exhaust his claims to Grounds Two and Three. Inasmuch as petitioner relies here on *exactly* the same arguments he did on direct appeal to the state courts, respondents appear to be contending not only that the claims were not presented to the state court as federal constitutional claims but also that as presented there the two grounds met none of the *Daye* criteria. The exactingly narrow test of what is required for a federal habeas corpus petition to present claims to the state courts for exhaustion purposes implied by respondent's argument on the circumstances of this case simply does not comport with the precedent of this circuit.

1. Ground Two.

As Point II of his brief to the Appellate Division, de la Cruz argued specifically that "[t]he admission of in-court identifications by two prosecution witnesses, to whom photographs had been exhibited absent notice to the defense, deprived Appellant of his right to seek suppression and thereby his right to due process. U.S. Const., Amend. XIV...." Brief for Defendant-Appellant at 33–38. The bulk of de la Cruz's argument in the body of the brief focused on a New York evidentiary statute, *see* N.Y.Crim.Prac.R. § 710.30(1), but petitioner nonetheless 1) made the point that he had been wrongfully precluded from "what may well have been tainted in-Court identifications and thereby denied due process. U.S. Const., Amend. XIV," and 2) requested reversal or "at the least a new trial and a [*United States v.*] *Wade* [, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967)] hearing...." Brief for Defendant-Appellant at 43.

The Second Circuit in *Daye* recognized that the more specific the description of the right in question, the more likely it will be that the state court was alerted to the alleged violation, 696 F.2d at 193. Thus while talismanic invocations of broad guarantees, such as those to "due process" or to a "fair trial," will not obviate the exhaustion requirement, references to the Fourteenth Amendment in the context of a specific description of the error alleged generally do fairly apprise the state court of the constitutional dimension of the alleged infirmity.[1] In *Holland v. Scully*, 797

1. Unnecessarily suggestive and unreliable pre-    trial identifications may taint subsequent in-

F.2d 57, 64–65 (2d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 237, 93 L.Ed.2d 162 (1986), the circuit panel found that petitioner had exhausted his claim that the trial judge's supplemental jury instructions removed the issue of his intent from the jury because the factual situation presented "called to mind the constitutional axiom" that conviction requires proof of every element of the crime charged. *Id.* The panel so held even though petitioner's argument on direct appeal alleged only that the instruction violated the state statutory requirement for proving aiding and abetting. A second panel in *Matusiak v. Kelly,* 786 F.2d 536, 542–43 (2d Cir.), *cert. dismissed,* —— U.S. ——, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986), found that petitioner had exhausted his claim when the argument heading in his brief to the Appellate Division cited the Fourteenth Amendment and the underlying facts raised the circumstances of a knowing guilty plea even though the cited cases presented no constitutional analysis. More directly on point, Judge Duffy recently held that petitioner had "marginally" exhausted his claims when he coupled a description of the allegedly improper evidentiary or procedural rulings with the phrase "deprived Appellant of his Due Process Right to a fair trial." *Irving v. Reid,* 624

F.Supp. 787, 789 n. 4 (S.D.N.Y.1985); *cf. Ayala v. Scully,* 640 F.Supp. 179 (S.D.N.Y. 1986) (argument on direct appeal that admitted evidence concerning subsequent drug transaction was "highly prejudicial and constituted reversible error" made only in terms of state evidentiary standard without reference to constitutional provision even in cases cited did not exhaust claim). Respondents decision to raise an exhaustion contention on this ground seems particularly misguided in light of petitioner's request that the Appellate Division reverse or order a hearing under *United States v. Wade, supra,* to determine whether the trial judge had permitted a tainted in-court identification.[2] The state responded to the point in its brief. Respondent's Brief to the Appellate Division, First Department at 32–33.

De la Cruz clearly exhausted Ground Two by describing the circumstances of the challenged in-court identification and asserting that his inability to challenge its admission deprived him of due process under the Fourteenth Amendment. The decision by petitioner's counsel to rely primarily on arguments concerning more restrictive state rules of evidence in no way vitiates the clear adequacy of the manner in

---

court identifications and thereby violate a defendant's right to due process of law. *See Manson v. Brathwaite,* 432 U.S. 98, 116, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); *Dickerson v. Fogg,* 692 F.2d 238, 244 (2d Cir.1982). Presented with such a constitutional objection, a court must "determine[ ] whether the pre-trial identification procedures were unduly suggestive of the suspect's guilt [and] [i]f so, then the suggestiveness of the identification procedures must be balanced against factors indicating that the in-court identification was independently reliable." *Dickerson v. Fogg, supra,* 692 F.2d at 244.

2. In general, a petitioner has exhausted a ground for habeas corpus relief when on appeal to the state courts he has specifically described the alleged infirmity in the context of a specific constitutional guarantee and then makes the exact or virtually identical argument to the federal courts. When the ground of the petition differs perceptibly from the argument made to the state courts, however, the federal court must determine in addition whether the different legal theory in effect presents a different basis.

*Daye v. Attorney General, supra,* 696 F.2d at 192 n. 4 ("[b]y the same legal 'basis' or 'doctrine,' we do not mean that there can be no substantial difference in the theory advanced to explain an alleged deviation from constitutional precepts"); *see Harris v. Scully,* 779 F.2d 875 (2d Cir.1985) (generalized argument on direct appeal that omitted jury instruction on defense of others denied him due process exhausted petitioner's more specific contention that in light of the omission the jury should have been instructed that the state must disprove the defense beyond a reasonable doubt); *Petrucelli v. Coombe,* 735 F.2d 684, 688 (2d Cir.1984) (petitioner's claim on direct appeal that he was deprived of due process and a fair trial did not apprise state courts of the double jeopardy claim asserted in petition); *Lopez v. Scully,* 614 F.Supp. 1135, 1138 (S.D.N.Y.1985) (argument on direct appeal that trial court violated obligation to sever trials did not apprise state court of ground of habeas petition that failure to give proper limiting instructions violated petitioner's right of confrontation).

which petitioner presented this constitutional objection to the state courts.

### 2. Ground Three.

As the third point in his brief to the Appellate Division, de la Cruz maintained that "[a]ppellant was denied due process by the court's refusal to admit material evidence which strongly supported the defense contention that the chief prosecution witness had recently fabricated his purported recognition and identification of appellant at the scene of the crime. U.S. Const., Amend. XIV." Brief for Defendant-Appellant at 39. In his argument, de la Cruz asserted that because the veracity of the witness who placed him at the scene of the crime was "relevant to the ultimate issue of innocence or guilt, the court's refusal to admit the offered testimony deprived appellant of a fair trial." Id. at 42.

Federal habeas corpus review of state criminal proceedings is limited to those errors which have denied the petitioner his Fourteenth Amendment rights of procedural fairness. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). To have alerted the state court to the constitutional aspect of his third point, de la Cruz would have had to argue that the trial judges evidentiary ruling either infringed one of his specific constitutional rights or constituted a denial of fundamental fairness. *O'Brien v. Wainwright*, 738 F.2d 1139 (11th Cir.1984), *cert. denied,* 469 U.S. 1162, 105 S.Ct. 918, 83 L.Ed.2d 931 (1985); *U.S. ex rel Palmer v. DeRobertis*, 738 F.2d 168 (7th Cir.1984), *cert. denied,* 469 U.S. 924, 105 S.Ct. 306, 83 L.Ed.2d 241 (1984); *Bryson v. State of Alabama*, 634 F.2d 862 (5th Cir.1981); *Mitchell v. Smith*, 481 F.Supp. 22 (E.D.N.Y.1979), *aff'd on other grounds,* 633 F.2d 1009 (2d Cir.1980), *cert. denied,* 449 U.S. 1088, 101 S.Ct. 879, 66 L.Ed.2d 814 (1981). He did just that when he argued that the challenged ruling denied him a fair trial and cited the Fourteenth Amendment. He therefore fairly presented Ground Three to the state court.

### CONCLUSION

On the present record, the Court concludes that petitioner has exhausted all three grounds of the instant habeas corpus petition. Having disposed of the exhaustion issue, the Court expresses no view on the other issues raised in the instant petition, but rather, pursuant to 28 U.S.C. § 636(b)(1) and Rule 4 of the Local Rules for Proceedings Before Magistrates, and by order filed this day refers the petition to the Honorable Sharon E. Grubin, United States Magistrate, to hear and report on the petition. The order of referral is for all purposes, up to and including a report on the ultimate disposition of the petition.

It is so ordered.