OPINION OF THE COURT
Carol Berkman, J.
Each defendant has been charged with criminal sale of a controlled substance in the third degree and has moved for an inspection of the Grand Jury minutes and dismissal of the indictment.[1]
These cases are representative of prevalent and recurring issues common to multiple defendant narcotics prosecutions where the fact patterns appear to permit the so-called "agency defense”. The questions presented by these prosecutions are whether the People presented sufficient evidence to show prima facie that the defendant was acting in concert with the seller rather than as an agent of the buyer and further whether the Grand Jury should have been specifically instructed as to the defense of agency.
Inspection of the Grand Jury minutes in these cases reveals the following:
On February 3, 1987 at approximately 6:40 p.m. at 321 Sixth Avenue, an undercover police officer met defendant Sharif Ali and a codefendant Berry Barnes and told Ali he wanted three vials of crack. Ali told the undercover to follow him. The undercover followed Ali and Barnes to codefendant Ellis Roe. At that point Ali told the undercover to give Barnes $30. *814 Barnes took the $30 and handed it to Roe who in turn gave the undercover three vials of crack from his coat pocket. Within five minutes of the buy the three defendants were arrested. A search of codefendant Barnes produced one vial of crack.
On January 9, 1987, at approximately 2:05 p.m. in the vicinity of 30 West 30th Street, an undercover officer met defendant Jeffrey Clark and told him he (the undercover) wanted crack. Clark told the undercover to follow him. The undercover followed Clark to 30 West 30th Street where Clark called over Antonio Pana, a codefendant, and told him that the officer wanted one crack. Pana then signaled to codefendant Mendez and told her to sell to the undercover. Mendez gave the undercover one vial of crack and the undercover gave her $10 in prerecorded buy money. Upon arrest, the prerecorded buy money was recovered from Pana. Twenty-four vials of crack were recovered from Mendez. No evidence was recovered from Clark.
On January 14, 1987 at 5:00 p.m. in the vicinity of 36th Street and Eighth Avenue, an undercover officer approached defendant Ricky Willis and asked him if he knew where the officer could get some cocaine. Willis said, "you have to give me a couple of dollars” and upon the undercover’s okay took him to 307 West 36th Street where they met codefendant Faustino Perez. Perez asked the undercover how many did he want. Undercover told him two. Perez went to a doorway, came out and handed vials to Willis who handed them to undercover. Willis took $20 from undercover’s hand and gave it to Perez.
There was no proof presented that any evidence was recovered from either defendant.
On February 16, 1987 at approximately 12:45 p.m. in the vicinity of 69 Second Avenue, an undercover police officer asked Rubenstein White if he could take him to where White got coke for the undercover on the previous Friday.[2] White said it was okay.
Approximately 17 minutes later, the undercover and White walked inside a grocery store at 69 Second Avenue where *815 codefendant Miguel Fernandez was behind the counter. White told Fernandez that the undercover needed some coke. Fernandez asked the undercover how much he wanted and quoted the price. Fernandez opened the cash register and removed a Newport cigarette box from which he took two tins of cocaine and gave it to the undercover, whereupon the undercover gave Fernandez $40. The undercover and defendant White then left the location.
Defendant White was apparently arrested on February 26, 1987 and defendant Fernandez on February 24, 1987.
The standard for review upon a motion to dismiss for legal insufficiency is whether the evidence before the Grand Jury if unexplained and uncontradicted would warrant a conviction by a trial jury (People v Pelchat, 62 NY2d 97; People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573).
The test for the sufficiency of the instructions to the Grand Jury is whether the District Attorney provided the Grand Jury with enough information to enable it to intelligently decide whether a crime has been committed and to determine whether there is legally sufficient evidence to establish its material elements (People v Calbud, Inc., 49 NY2d 389, 394).
While this court has in the past found evidence similar to that in these cases insufficient to support an indictment charging acting in concert in the sale of drugs, it has never imposed upon the prosecutor a duty to instruct the Grand Jury, either generally or specifically on the defense of agency (see, this court’s unpublished opn in People v Walker, indictment No. 1117/83; People v Holwell, indictment No. 5218/82; People v Delgado, indictment No. 470/82).
More recent decisions of the Court of Appeals clarify the instances in which the prosecutor is obligated to charge the Grand Jury as to certain defenses.
In People v Valles (62 NY2d 36 [1984]) the Court of Appeals held that a prosecutor must instruct a Grand Jury as to exculpatory defenses, but not as to mitigating defenses. "An exculpatory defense is one that would, if believed, result in a finding of no criminal liability * * * It is the possibility that criminal proceedings need not be undertaken at all which underscores the importance of the Grand Jury’s consideration of such defenses” (supra, at 38-39). A mitigating defense does not avoid criminal liability entirely; "rather, it is an attempt to reduce the gravity of the offense committed. If believed, *816 such a defense would not, by itself, result in a verdict of not guilty, and thus the criminal prosecution would not have been unwarranted” (supra, at 39). (See also, People v Lancaster, 69 NY2d 20.)
A defendant who successfully raises a defense of agency may be found guilty of criminal facilitation or mere possession of the contraband, but only if separately charged with those offenses. Neither facilitation nor possession is a lesser included offense of drug sale (see, People v Luther, 61 NY2d 724 [1984]; People v Glover, 57 NY2d 61 [1982]; People v Brooks, 115 AD2d 177 [1985]; People v Burton, 104 AD2d 655 [1984]; People v Fischer, 94 AD2d 706 [1983]).
Agency is accordingly an exculpatory defense.
"In this State it has long been held that '[o]ne who acts solely as the agent of the buyer cannot be convicted of the crime of selling narcotics’ [citations omitted]” (People v Lam Lek Chong, 45 NY2d 64, 73, cert denied 439 US 935).
One who participates in a drug transaction "solely to assist a buyer and only on his behalf, incurs no greater criminal liability than does the purchaser he aids and from whom his entire standing in the transaction is derived. Specifically, without more he may not be treated as an accomplice of the seller [citations omitted]” (People v Roche, 45 NY2d 78, 83, cert denied 439 US 958).
"To be an agent of his buyer, a narcotics merchant must be a mere extension of the buyer. He may act to procure what the buyer wants because the buyer has asked him to do so, and not out of any independent desire or inclination to promote the transaction” (People v Argibay, 45 NY2d 45, 53-54).
The determination as to whether the defendant is an accomplice of the seller or merely an agent of the buyer is generally a factual question for the jury to resolve based on the circumstances of the particular case (see, People v Lam Lek Chong, supra).
In making the determination, the following factors should be considered: "(1) did the defendant act as a mere extension of the buyer throughout the relationship, with no independent desire to promote the transaction; (2) was the purchase suggested by the buyer; (3) did the defendant have any previous acquaintance with the seller; (4) did the defendant exhibit any salesmanlike behavior; (5) did the defendant use his own funds; (6) did the defendant procure from many sources for a single buyer; (7) did the buyer pay the seller directly; (8) did *817 the defendant stand to profit; and (9) was any reward promised in advance” (People v Gonzales, 66 AD2d 828).
However, that an agent does not act gratuitously is not necessarily inconsistent with the defense of agency (see, People v Roche, supra, at 85). "[R]eceipt of some incidental benefit, does not necessarily or even ordinarily alter the relationship between the parties, the nature of the transaction or the defendant’s culpability.” (People v Lam Lek Chong, supra, at 75.)
Convictions for sale of a controlled substance have repeatedly been reversed and the indictments dismissed where the evidence was insufficient to establish that the defendant acted as a seller or otherwise negated the defense of agency as a matter of law (e.g., People v Bryant, 106 AD2d 650; People v Jeffrey, 78 AD2d 768; People v Bethea, 73 AD2d 920; People v Gonzales, supra; People v Kiser, 63 AD2d 707; People v Tiller, 61 AD2d 916; People v Munoz, 54 AD2d 844; People v Lindsey, 16 AD2d 805, affd 12 NY2d 958).
The evidence in the four cases before the court likewise fails to negate the obvious possibility that the defendants were simply agents of the undercover officers and accordingly would not warrant a conviction by a trial jury for the crime of sale of a controlled substance.
These indictments must also be dismissed based upon the District Attorney’s failure to instruct the Grand Juries on the agency defense. The failure to so instruct impaired the integrity of the Grand Juries’ deliberations and thereby rendered the indictments defective within the meaning of CPL 210.20 (1) (c) (see, CPL 210.35 [5]).
A Grand Jury cannot properly determine the question of the criminal liability of a defendant in an agency situation when it has never been apprised of the defense and its application in any given case. This is particularly so with Special Narcotics Grand Juries, as to which the practice in New York County is to give a mass of instructions at the beginning of a term and to mention in each case only the specific charges the prosecutor wants considered as to that defendant. Notably, the prosecutor did not mention criminal facilitation as a possible charge as to any of these defendants[3] (see, People v Kennedy, 127 Misc 2d 712).
The prosecutor may no longer ignore the import of the *818 issues posed by the factual settings presented here and in similar cases.
At least where the inference that the defendant was acting as the agent of the buyer is not prima facie refuted by the evidence before the Grand Jury, the prosecutor has an affirmative obligation to instruct the Grand Jury on the agency defense.
Of course, where the defense of agency is raised the People must establish that the defendant was not an agent of the buyer. As at trial, it may be appropriate for the prosecutor to prove defendant’s prior bad acts or criminal convictions relevant to the issue. In other words, evidence which otherwise would not be admissible were an agency charge not being submitted for the grand jurors’ consideration (People v Heffron, 59 AD2d 263; People v Flanagan, 47 AD2d 959, cert denied 423 US 935; People v O’Keefe, 87 Misc 2d 739; see also, People v Calvano, 30 NY2d 199; People v Rose, 84 AD2d 645, affd 57 NY2d 837).
In view of the potential for prejudice from such proof, a defendant may well choose to forego an instruction on agency to the Grand Jury. Thus, in those instances where the agency defense is an issue and where otherwise inadmissible evidence will be used to rebut it, the prosecutor must notify the defense and give the defense the choice of whether or not an agency charge be given to the Grand Jury.
Where there is any question as to the admissibility of evidence sought to negate the defense, or to the applicability of the defense in any given case, the District Attorney or defense counsel may be advised to seek the guidance of the Judge supervising the Grand Jury.
"Nonagency” is, in effect, an element of the People’s case in a drug sale case. At the least, the evidence before the Grand Jury ought establish it prima facie. That burden was not met in any of the cases herein. Accordingly, the motions to inspect and dismiss are in all respects granted.

. In each instance, the named defendant has codefendants, as to whom the Grand Jury minutes are sufficient to support the charges.

. Defendant White is charged with two counts of criminal sale of a controlled substance in the third degree. Count one of the indictment charges a sale alleged to have occurred on February 13, 1987. The Grand Jury minutes are devoid of any further evidence to establish a sale of drugs on February 13 and accordingly that count is dismissed.

. As to each of these defendants, prosecutor asked only that Grand Jury consider the charge of criminal sale of a controlled substance in the third degree.