■ In the Matter of CORY P., a Person Alleged to be a Juvenile Delinquent, Appellant. [660 NYS2d 39] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Martinez, J.), dated April 8, 1996, which, upon a fact-finding order of the same court dated March 6, 1996, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the

crimes of criminal sale of a controlled substance in the third degree and criminal facilitation in the fourth degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 15 months. The appeal brings up for review the fact-finding order dated March 6, 1996.

Ordered that the order of disposition and the fact-finding order are reversed, on the law, without costs or disbursements, and the petition is dismissed.

The presentment agency concedes, and we agree, that the evidence adduced at the fact-finding hearing was not sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted criminal sale of a controlled substance in the third degree. The appellant was not present when his cohort and the undercover officer negotiated the drug sale, nor was he present when the sale took place. Moreover, there was no proof that the appellant supplied the drugs or derived a profit from their sale (*see, People v Reyes*, 82 AD2d 925; *People v Kiser*, 63 AD2d 707). Further, viewing the evidence in the light most favorable to the presentment agency (*cf., People v Contes*, 60 NY2d 620), we find that it was legally insufficient to establish beyond a reasonable doubt that the appellant committed acts which, if committed by an adult, would have constituted criminal facilitation in the fourth degree (*People v Bleakley*, 69 NY2d 490). O'Brien, J. P., Goldstein, McGinity and Luciano, JJ., concur.