■ In the Matter of LINDA T., a Person Alleged to be a Juvenile Delinquent, Appellant.— Order, Family Court of the State of New York, Bronx County, entered April 3, 1973, adjudging appellant a juvenile delinquent on the ground that appellant committed acts which if done by an adult would constitute the crimes of petit larceny and possession of stolen property and placing appellant on probation for a period of one year, is modified, on the law, to delete the finding of guilt as to petit larceny and, as so modified, the order is affirmed, without costs and without disbursements. Contrary to the conclusion reached by the dissent that the evidence at best only established appellant's "mere presence at the scene of the crime or crimes", we believe that the evidence established beyond any reasonable doubt that appellant jointly participated with her companions in the criminal acts charged. The appellant entered the offices of the Community Center together with her two male companions and then she requested that the director hang up the windbreaker in the closet in which the television set was kept. Subsequently, appellant went to the closet, first by herself, and upon leaving, she and her remaining companion went to the closet ostensibly for the sole purpose of retrieving the windbreaker. During the short period of time involved (approximately 20 minutes), appellant and one of the male companions were the only persons

who had occasion to go to the closet. And, it was established that the television set was in the closet when the three first arrived and was immediately discovered missing upon their departure. Thereafter, appellant and her companions proceeded to Mrs. Zalaaznick's apartment where the recently acquired property was converted into cash. The fact that appellant did not participate in the verbal exchange does not negate the otherwise fair inferences which may be drawn from the evidence. The totality of the circumstances, including the manner in which the television set was taken, the nature of the property, its immediate sale by the same three persons who were previously together in the Community Center, as well as appellant's involvement in each and every part of the transaction, points to the logical conclusion that appellant was a participant in the larceny and possession of the television set and such evidence "excludes, to a moral certainty" the hypothesis that appellant was but an innocent bystander to the criminal acts. (*People* v. *Harris,* 306 N. Y. 345, 351.) And, we note that even if it could be said that the proof was insufficient to establish appellant's participation as a principal, there was sufficient evidence to establish that she knowingly aided and abetted in the commission of the criminal acts and accordingly, may be found guilty of the substantive crimes (Penal Law, § 20.00). (Cf. *People* v. *Elfe,* 37 A D 2d 208.) However, since "a person may not be convicted of both larceny and criminal possession of stolen property with respect to the same property" (Penal Law, § 165.60, subd. 2), the finding of guilt as to the charge of petit larceny should be vacated (see *People* v. *Moro,* 23 N Y 2d 496, 500; *People* v. *Ortiz,* 42 A D 2d 931; *People* v. *Carrero,* 42 A D 2d 575). Concur — Nunez, J. P., Kupferman, Tilzer and Lane, JJ.; Murphy, J., dissents in the following memorandum: I would go further and reverse the adjudication of delinquency in its entirety. Viewing the petitioner's evidence in its most favorable light the evidence adduced below established that Linda and two male companions entered the James Monroe Community Center to see a friend; the friend was out to lunch and they were invited to await the friend's return in the director's 12 foot by 15 foot office; that the director opened a locked 3 foot by 4 foot closet to hang up a windbreaker belonging to Linda or one of her companions; that Linda went to the closet (which was permitted to thereafter remain unlocked) once for cigarettes; that one of Linda's male companions left after about 10 minutes and Linda and her remaining male companion retrieved the windbreaker from the closet and left after about 20 minutes. The director, who was busily engaged in registering summer camp applicants, saw Linda and her companion leave. He saw no television set in the possession of either of them. Shortly thereafter he discovered that a television set (normally kept in the above-referred-to closet, but not clearly established to have been there that day) was missing. Acting on certain information he received, the director went to the apartment of a Mrs. Zalaaznick who told him she had purchased the set from Linda. Mrs. Zalaaznick agreed to return the set for $40, the same sum she allegedly paid for it. This transaction was concluded the following day. Mrs. Zalaaznick (who admitted having been convicted, along with Linda's male companions, of criminal possession of stolen property) testified that Linda and her two male companions came to her apartment with the television set (but she was unable to identify the person who actually carried it in) and that one of the men offered to sell it to her. Mrs. Zalaaznick agreed to purchase the set after requesting and receiving assurance that she would not "get in trouble". The witness further testified, in response to questions asked of her on direct examination, on cross-examination and by the court, that Linda took no part in this verbal exchange.

On essentially this testimony, Linda was found guilty of committing acts which, if done by an adult, would have constituted the crimes of petit larceny and criminal possession of stolen property. The majority, recognizing the prohibition against convicting a person of both such crimes with respect to the same property (Penal Law, § 165.60), would only modify to delete the larceny adjudication. Linda was charged with commission of an act which, if committed by an adult, would have constituted the crime of criminal possession of stolen property in the third degree. A person is guilty of such a crime "when he knowingly possesses stolen property, with intent to benefit himself or a person other than an owner thereof or to impede the recovery by an owner thereof." (Penal Law, § 165.40.) To "possess", according to subdivision 8 of section 10.00 of the Penal Law "means to have physical possession or otherwise to exercise dominion or control over tangible property". At best, Linda was shown to have been in a room with two male companions, and to have gone to a closet, where a television set was customarily kept; and to have later been present in an apartment when her two male companions sold the set to another. While unexplained recent and exclusive possession of the fruits of a crime will justify an inference of guilt (*People* v. *Moro*, 23 N Y 2d 496, 500), no evidence was presented below that Linda possessed the television set at any time, actually or constructively, exclusively or jointly with anyone else. If we assume that one or both of Linda's male companions, who sold the television set to Mrs. Zalaaznick, committed criminal acts, Linda's mere presence at the scene of the crime or crimes would not sustain a finding of guilt. (*People* v. *Ligouri*, 284 N. Y. 309.) At the very least, it must be established, beyond a reasonable doubt, that, with the requisite mental culpability, she solicited, aided, abetted, or otherwise participated in such felonious conduct. (*People* v. *Ligouri*, *supra*; *People* v. *Campbell*, 1 A D 2d 982; Penal Law, § 20.00.) While guilt, of course, may be established by circumstantial evidence, "the facts proved must all be consistent with guilt and inconsistent with innocence and exclude 'to a moral certainty' every hypothesis but guilt" (*People* v. *Wachowicz*, 22 N Y 2d 369, 372). In my opinion, the proven facts in this case do not pass this test. Accordingly, the adjudication of delinquency and the order of disposition thereafter made should be reversed and the petition dismissed.