■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CREIGHTON, Appellant.—Judgment of the Supreme Court, Suffolk County, rendered May 1, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CEASAR HILL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 29, 1978, convicting him of criminal possession of a controlled substance in the fifth degree (two counts) and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The trial court's decision to permit cross-examination of the defendant on his earlier treatment for drug addiction while prohibiting any questioning about his prior drug conviction, should he choose to take the stand, did not constitute an abuse of discretion. The fact that the charges before the court in the instant case also included drug offenses, thereby presenting "a special risk of impermissible prejudice" *(People v Sandoval,* 34 NY2d 371, 377), should not necessarily have shielded the defendant from any questioning concerning his prior activities along similar lines (cf. *People v Rahman,* 62 AD2d 968, affd 46 NY2d 882). On this record, it does not appear that the trial court failed to properly balance the probative value of the proposed questioning against the risk of improper prejudice. Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING JONES, Appellant.—Judgment of the Supreme Court, Kings County, rendered December 16, 1976, affirmed (see *People v Crimmins,* 36 NY2d 230, 242). Hopkins, J. P., Lazer, Cohalan and Weinstein, JJ., concur.