■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MONAHAN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Vinik, J.), rendered April 5, 1983, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Based upon the record, it is clear that the trial court did not abuse its discretion when it ruled that the People could inquire about defendant's previous drug convictions if he decided to testify. Merely because a defendant is a specialist in one area of criminal activity does not automatically shield him from having his prior convictions used for impeachment purposes during cross-examination *(People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882; *People v Zada,* 82 AD2d 926; *People v Hill,* 79 AD2d 641). In any event, the People were properly permitted to introduce such evidence on their direct case at trial once the court had decided, at a bench conference held prior to the time that the People rested, to grant the defendant's request to instruct the jury on the defense of agency. Under such circumstances, proof of the defendant's prior drug-related crimes was admissible to establish his intent to sell cocaine to the undercover officer on the day in question *(see, People v Heffron,* 59 AD2d 263, 268; *People v Medina,* 56 AD2d 582; *People v Flanagan,* 47 AD2d 959, *cert denied* 423 US 935; *cf. People v Olsen,* 34 NY2d 349, 353; CPL 260.30 [7]).

There is also no merit to defendant's argument that the court impermissibly allowed the People to amend the indictment on the eve of trial to reflect accessorial conduct as well as principal liability. We note, first, that defendant has misstated the record. The prosecutor asked that she be allowed to introduce evidence of accessorial conduct and requested the court to so charge the jury during its final instructions. She did not formally move to amend the indictment. It is clear that the indictment was not fatally defective merely because it accused defendant as a principal where the proof adduced at trial established that he aided and abetted another in the

commission of the crime (CPL 200.50 [7] [a]; *People v Liccione,* 63 AD2d 305, 312-313, *affd* 50 NY2d 850). The court was similarly correct in charging the jury that defendant could be found guilty on the basis of his accessorial conduct, even though the language in the indictment did not use the term "acting in concert" *(People v Wilczynski,* 97 Misc 2d 307, *affd* 65 AD2d 518, *cert denied* 439 US 1128).

We have examined defendant's other contentions and find them to be without merit. Mangano, Gibbons and Niehoff, JJ., concur.

Lazer, J. P., concurs in the result, with the following memorandum: While I concur in the result, I find the case and its portents troublesome. On their direct case, the People were permitted to offer evidence of defendant's convictions on other drug-related offenses. While such propensity evidence is ordinarily inadmissible, it was allowed here because in a bench conference following completion of the People' case, but before they had formally rested, the defendant disclosed the defense of agency would be argued on summation, with no defense witnesses offered. The court then permitted the People to submit further evidence consisting of certificates of defendant's convictions for other drug-related crimes. While I cannot view the court's action as erroneous or an abuse of discretion, we seem to have established a rule that permits the People to provide evidence of such convictions once they become aware that agency will be a defense, irrespective of whether the defense offers witnesses. While I assume that our current holding creates no mandate for defense counsel to give advance notice that an agency defense will be interposed, I suspect it might be more difficult for the People to get the trial reopened to offer evidence of drug-related convictions once the defense has completed its summation.