■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PATTON, Appellant.—Casey, J. Appeal from a judgment of the County Court of Tioga County (Siedlecki, J.), rendered December 11, 1984, upon a verdict convicting defendant of the crime of grand larceny in the third degree.

On October 4, 1983 between 9:00 P.M., and 9:30 P.M., while Delbert Huckle, Jr., was leaving his place of business in the Village of Waverly, Tioga County, to go to a nearby grocery store, he observed two individuals coming from behind an apartment building where Larry Newton lived. One of these individuals was astride a bicycle; the other was balancing a large television set on the bicycle's handlebars. These two were observed by Huckle to split up at the intersection, the one on the bicycle heading north with the television set and the other running south on foot. Huckle telephoned the police and reported his observations. Several minutes later, defendant's brother was stopped by a Deputy Sheriff several blocks from the intersection where Huckle had seen the two men separate. At this time, Police Officer John Derrig arrived.

Previously that evening, at about 8:55 P.M., Derrig had observed defendant in the hallway of an apartment building directly outside the door of Newton's apartment. Five minutes later, Derrig saw defendant in the company of his brother on an outside staircase leading to the Newton apartment. Derrig approached them and asked for their names. Both defendant and his brother gave Derrig false identification and falsely claimed that they had ridden a bicycle there from the City of Elmira, Chemung County. Due to these prior encounters, Derrig began questioning defendant's brother in the presence of the Deputy Sheriff. Several minutes later, defendant appeared from behind a building. While both brothers were talking to the police, Huckle drove by, stopped his vehicle, exited it and briefly observed what was happening. The brothers were then given *Miranda* warnings and taken to the Waverly Police Station.

At defendant's trial, his brother admitted that he had stolen the television set from Newton's apartment and that he was the individual seen on the bicycle in possession of the set. The brother denied, however, that he had been assisted by defendant. Rather, he insisted that his accomplice was an individual that he barely knew and one that he had not seen or heard from since the night of the crime. Huckle, on the other hand, identified defendant as the person he had observed helping the brother carry away the television set on the bicycle. This identification was bolstered by Huckle's subsequent encounter with defendant when defendant was in the custody of the Deputy Sheriff, plus the identification that Huckle made of defendant in court. Contrary to defendant's claim of insufficient evidence of his participation, these conflicting views merely posed a factual question for the jury, which obviously accepted the testimony of Huckle.

With respect to proof of the value of the television set, which defendant further claims was legally insufficient, it is significant that Newton testified that, two years before this incident, the television set was purchased new for $900 and that it was in good working order when it was stolen. This testimony, plus the opinion of an expert engaged in buying and selling television sets that, assuming good working order, the set was worth $300, supplied an adequate factual basis for the jury's finding that the value of the stolen set exceeded $250.

Based on the foregoing, the evidence presented against defendant is circumstantially more than sufficient foundation to support the verdict of guilty beyond a reasonable doubt as

found by the jury (see, People v Shannon, 105 AD2d 986). As an aider and abettor of his brother, defendant could properly be found guilty of the substantive crime (see, Matter of Linda T., 44 AD2d 524, 525, affd 36 NY2d 928). The judgment of conviction should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.