■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK KINSMAN, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 28, 1987, upon a verdict convicting defendant of the crimes of robbery in the second degree and grand larceny in the third degree.

Defendant challenges his conviction of the crimes of robbery in the second degree and grand larceny in the third degree on the grounds of insufficient evidence, error in the charge on accessorial liability and abuse of the Trial Judge's discretion in failing to rescue himself. Defendant also contends that the sentence was harsh and excessive.

At defendant's trial, Joseph Freeman testified that defendant and two other men, Lawrence Laurey and David Wallace, accosted him while he was walking down Madison Avenue in the City of Elmira, Chemung County, carrying a guitar and case. Laurey asked Freeman what he was carrying. While one of defendant's companions grabbed Freeman's arms, pinning them back, defendant grabbed the guitar and case, took the guitar out and fled with it, followed by Laurey and Wallace. Laurey, who had pleaded guilty earlier to charges stemming from his involvement in the crime against Freeman, gave a different account. Wallace generally supported Laurey's testimony. They contended that defendant asked them to get the guitar from Freeman and defendant would, in turn, give them marihuana. Laurey testified that while defendant and Wallace distracted Freeman, he fled with the guitar and defendant physically restrained Freeman from pursuing Laurey. Thereafter, defendant, Laurey and Wallace met at Douglas Blaney's house where they attempted to sell the guitar to him for $100. The guitar was sold the next day to Blaney for $10. Defendant was not present at the sale. There was also testimony that defendant had personally tried to sell the guitar earlier the same day. At the close of testimony, County Court instructed the jury regarding accessorial liability, limiting the instruction to the grand larceny charge. Defendant was found guilty as charged.

At a subsequent predicate felony hearing, defendant asked the Trial Judge to disqualify himself from the proceeding

because some 12 years before the Judge had represented defendant on an unrelated charge which was ultimately dismissed as part of a plea bargain under which defendant pleaded guilty to robbery in the second degree, the subject of the instant predicate felony hearing. The Judge declined to disqualify himself. Defendant was not sentenced as a predicate felon. He received concurrent prison terms of 4 to 12 years for robbery in the second degree and 1 to 4 years for grand larceny in the third degree.

Addressing defendant's contentions *ad seriatim,* we conclude that the verdicts were supported by legally sufficient evidence and were consistent with its weight. The theory of the prosecution as to robbery in the second degree was based on forcible theft accomplished with the help of an accomplice (Penal Law § 160.10 [2] [a]). We conclude that the jury could find a "forcible theft" from the testimony offered. Forcible theft occurs when a perpetrator "uses or threatens the immediate use of physical force upon another person" (Penal Law § 160.00). Freeman testified that while he was restrained by one person, defendant grabbed the guitar or, if Laurey's version is accepted, Laurey ran off with the guitar while Freeman was being restrained by defendant. The testimony was legally sufficient to present a jury question as to whether the force described was for the purpose of "[p]reventing or overcoming resistance to the taking of the property" (Penal Law § 160.00 [1]). The jury apparently credited the victim's testimony, which it was entitled to do. The evidence, we conclude, supports the verdict. Defendant challenges his conviction for grand larceny in the third degree contending that proof of the guitar's value was inadequate. We disagree. The testimony as to value was offered by an expert whose knowledge of the value of musical instruments was enough to prove that the guitar's worth was more than $250 *(see, People v Patton,* 117 AD2d 836, 837).

Defendant's contention that the verdict is against the weight of evidence is to no avail. The case involved issues of credibility, the resolution of which were for the jury *(see, People v Kennedy,* 47 NY2d 196). We decline to disturb the findings of the jury in this case. Defendant was charged under an indictment which states that defendant was the principal actor in the commission of the charged crimes. During the trial, defendant's witnesses presented a scenario differing from that of the prosecution. Defendant was portrayed as an accomplice and Laurey as the principal actor. County Court instructed the jury that they could find defendant guilty of the

grand larceny count if they believed he were an accessory to the theft perpetrated by Laurey. Defendant contends that the charge of accessorial liability was not supported by the evidence, was not in the indictment and thus was improperly submitted to the jury. We disagree. The evidence presented at trial could support a verdict under either theory. The fact that the accessorial conduct was not in the indictment is inconsequential under the circumstances of this case (see, People v Monahan, 114 AD2d 380, 381, lv denied 67 NY2d 654).

Defendant contends that County Court's instruction was confusing in that accessorial conduct was charged only as to larceny and not as to the robbery. Although the charge was inconsistent in this regard, we find the error to be harmless. Defendant could have been convicted as a principal or accessory in the robbery and larceny charges. Under either theory, he is equally responsible (see, People v Duncan, 46 NY2d 74, cert denied 442 US 910; People v Monahan, supra).

We find as well no abuse of discretion in the Trial Judge's decision not to recuse himself. No bias or prejudice on the court's part has been shown (see, People v Latella, 112 AD2d 324, lv denied 66 NY2d 616). Finally, the sentence imposed was not unduly harsh. Defendant's extensive criminal history and the gravity of the transgressions fully justify the sentence imposed.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.