(March 22, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WELLS, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered September 8, 1986, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

In March 1986, defendant's motor vehicle was pulled over by a City of Hudson Police Detective while he was driving an acquaintance, James McClendon, to a local store. The basis for the stop was a computer check which revealed that defendant's driver's license had been suspended. Defendant was placed under arrest for aggravated unlicensed operation of a motor vehicle. Following the reading of his *Miranda* rights, defendant agreed to empty his pockets and it was discovered that he was carrying between $800 and $900 in cash on his person. A subsequent consensual search of defendant's vehicle revealed drug paraphernalia and 215 aluminum packets of white powder, 180 of which were later learned to contain cocaine. Both defendant and McClendon were placed under arrest and charged with criminal possession of a controlled substance. The charges against McClendon were later dismissed.

Defendant was indicted and tried for the crimes of criminal possession of a controlled substance in the third and fourth degrees. The jury found defendant guilty of both crimes and defendant moved to set aside the verdict on the ground that it was contrary to the weight of the evidence. That motion was denied and defendant was subsequently sentenced to a prison term of 4 to 15 years for criminal possession of a controlled substance in the third degree and 4 to 15 years for criminal possession of a controlled substance in the fourth degree, both to run concurrently. This appeal followed.

We affirm. Viewing the evidence in the light most favorable to the People, as we must *(see, People v Gemmill,* 146 AD2d 951), we find that it was legally sufficient to support defendant's conviction. Upon the exercise of our factual review power *(see,* CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence *(see, People v Zambito,* 153 AD2d 975). The case involved questions of credibility which were for the jury to resolve *(see, People v Kinsman,* 144 AD2d 772, *lv denied* 73 NY2d 1017). Upon the evidence in this case, the jury was free to reject the defense's

theory that the cocaine actually belonged to McClendon.[1] The fact that there were some minor inconsistencies in some of the witnesses' testimony does not automatically render the testimony of those witnesses unworthy of belief.[2] Considering the money found on defendant's person, the considerable amount of cocaine in the vehicle and the testimony of the People's witnesses at trial, the jury's verdict was supported by the evidence at trial and need not be disturbed.

We reject defendant's contention that the jury in this case improperly considered the statutory presumption of knowing possession of a controlled substance by all who occupy a vehicle at the time such contraband is found (see, Penal Law § 220.25 [1]). The discovery of drugs in defendant's motor vehicle is not disputed regardless of whether they were located on the floor of the vehicle as so testified by the police detectives or on the front seat as stated by McClendon. In any event, County Court painstakingly made it clear to the jury that the presumption was a permissive one and that, as the trier of facts, it alone must determine whether the facts warranted application of the presumption.

Finally, defendant argues that he was denied a fair trial because of allegedly inflammatory and prejudicial remarks made by the prosecution during summation indicating that defendant's possession of a large amount of small bills is consistent with the behavior of someone dealing in drugs. Upon examination of the challenged remarks we find no basis for this contention. Defendant's possible intent to sell drugs was a key element of one of the charged crimes (see, Penal Law § 220.16 [1]), and his possession of the currency was clearly relevant on that issue (see, People v Wells, 144 AD2d 400, lv denied 73 NY2d 861). As such, the prosecutor was entitled to call upon the jury to draw a conclusion which was fairly inferable from the relevant evidence adduced at trial (see, People v Ashwal, 39 NY2d 105, 110). In any event, even if the remarks were improper, any possible prejudice to defendant was cured by the charge informing the jurors that

1. We note parenthetically that the jury was given no instruction that McClendon could possibly be considered an accomplice (see, CPL 60.22) under the facts because of a tactical decision on the part of the defense that such a charge could rebound against defendant.

2. Although defendant makes much of the fact that the evidence tag on the money stated that a portion of the money was found on the front seat of defendant's vehicle, the police officer who wrote the evidence tag testified at trial that this was a mistake and the money was all found on defendant's person. The jury clearly chose to credit the officer's testimony.

statements of the attorney were not evidence *(see, People v Escala,* 128 AD2d 546, 547) and that it was the jurors' assessment of the evidence and demeanor of the witnesses that was to be the determinative factor.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.