■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE MOORE, Appellant.—Judgment of the Supreme Court, New York County (Dennis Edwards, Jr., J.), rendered June 16,

1988, convicting defendant, after jury trial, of two counts of grand larceny in the fourth degree and sentencing him to two concurrent indeterminate prison terms of from 2 to 4 years each, unanimously affirmed.

Defendant was arrested by a Transit Police decoy unit after participating in the theft of various items of jewelry from a decoy transit officer who feigned drunkenness. Testimony was received from members of the unit that defendant and one Anthony Smith, at the behest of their accomplice Darlene Shim, forced the decoy officer against a wall to facilitate the removal of his jewelry. Officers Henriquez and McLaughlin testified to observing defendant slip off the docoy's watch while Smith and Shim removed his gold rings and neck chains. According to Henriquez and McLaughlin, defendant promptly dropped the watch and a gold medallion taken from the decoy when McLaughlin moved in and called out, "That's enough."

Viewing the evidence in a light most favorable to the People, a reasonable trier of fact could find beyond a reasonable doubt that defendant, both by virtue of his independent actions as well as those taken in concert with his accomplices, was guilty of grand larceny in the fourth degree *(People v Mosley,* 112 AD2d 812, 814, *affd* 67 NY2d 985).

In view of the testimony adduced at trial, we find that the evidence plainly warranted the court's accomplice liability instruction to the jury (Penal Law § 20.00; *see, Matter of Linda T.,* 44 AD2d 524, 525, *affd* 36 NY2d 928). However, defendant's claim that the evidence also warranted a jury charge regarding entrapment is unpreserved for appellate review; defendant never asserted entrapment as a defense or requested such a charge *(see,* CPL 470.05; *People v Whalen,* 59 NY2d 273). In any event, a jury charge on such affirmative defense was not required. The evidence, when viewed in a light most favorable to the defendant, offers no reasonable view to support a defense of entrapment *(People v Ventura,* 108 AD2d 65, *affd* 66 NY2d 693). Defendant's testimony disavowed any participation in the crime, and it would be an unreasonable view of the evidence to find that defendant was induced or encouraged to commit a crime which he claims he did not commit. Defendant's constitutional argument that he was denied due process because of police misconduct associated with their purported entrapment efforts is likewise unpreserved for review *(People v Michael,* 48 NY2d 1, 6) and, in any event, without merit. Concur—Milonas, J. P., Ellerin, Wallach and Rubin, JJ.