(October 18, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN P. FITZGIBBON, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered August 5, 1987, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

Defendant was charged with manslaughter in the second degree and assault in the second degree for recklessly stabbing and killing James Konik on August 31, 1986 in the Town of Amsterdam, Montgomery County. Rejecting defendant's defense of mental disease or defect, a jury convicted him of manslaughter in the second degree. He was sentenced to an indeterminate term of incarceration of 5 to 15 years. This appeal followed.

Defendant's contention that the evidence excluded his knife as the weapon involved because the size of the wound was smaller than the width of the blade is rejected. Although the surgeon who treated the victim and the physician who performed the autopsy testified that a stab wound could not be smaller than the width of the knife blade which produced the injury, both doctors testified that the size of the victim's wound was consistent with the width of defendant's knife.

Indeed, a measurement of the knife during trial indicated a width of just under ¾ of an inch, consistent with the victim's wound of about ½ to ¾ of an inch. Other testimony reveals that the size of a stab wound is difficult to assess accurately because organs are in motion in a living person and skin becomes distorted and contracts following a wound. On this record, we find no merit to defendant's contention.

We also reject defendant's contention that there was insufficient evidence of recklessness to support the conviction. Since the prosecution's case included such direct proof as defendant's inculpatory statements (see, People v Rumble, 45 NY2d 879, 880; People v Hollis, 73 AD2d 994), defendant's reliance on standards of proof relating to circumstantial evidence cases is without merit (see, People v Barnes, 50 NY2d 375, 380). The proof, considered most favorably to the prosecution in light of the conviction (see, People v Wells, 159 AD2d 799), establishes that defendant brandished a knife during what was either horseplay or an argument and stabbed the victim. There is evidence that immediately prior to the stabbing defendant threatened the victim and referred to cutting someone with his knife. Defendant later described the stabbing to a police officer as "a good hit" that "felt good". Based on the evidence deduced, we conclude that the jury properly could have concluded that defendant consciously disregarded a substantial and unjustifiable risk constituting a gross deviation from the standard of conduct to be observed by a reasonable person in the circumstances and, thus, acted recklessly (see, Penal Law § 15.05 [3]; People v Costello, 112 AD2d 478, 479). Defendant's attempts to undermine the testimony of Frank Evans, who was present at the time of the stabbing, merely raised credibility issues within the jury's province (see, People v Kinsman, 144 AD2d 772, 773, lv denied 73 NY2d 1017). That the events may have been precipitated by defendant's voluntary intoxication is no defense (see, Penal Law § 15.05 [3]).

Defendant claims that numerous errors by County Court deprived him of a fair trial. He contends that County Court erred in allowing hospital personnel to testify concerning statements made by the victim which implicate defendant. Considering that the victim had been stabbed within an hour of the statements and was obviously in critical condition with significant blood loss and pain when he made the statements, we conclude that County Court properly admitted these hearsay statements as excited utterances (see, People v Brooks, 71 NY2d 877). Any inconsistency between the statements as

testified to at trial and as given at other times merely created credibility issues for the jury *(see, People v Kinsman, supra).*

Next, defendant argues that County Court impermissibly limited the scope of defendant's cross-examination of Evans, a prosecution witness. Our review of the record reveals that County Court properly limited defendant's cross-examination to the instances resulting in criminal convictions and refused to permit questions concerning mere arrests and court appearances *(see,* CPL 60.40 [1]; 58 NY Jur 2d, Evidence and Witnesses, § 938, at 683-684). Defendant also argues that the prosecution's rebuttal psychiatric witness erroneously was permitted to offer an expert opinion on defendant's mental state. Expert opinion can be based on material not in evidence provided that "it is of a kind accepted in the profession as reliable in forming a professional opinion" *(People v Sugden,* 35 NY2d 453, 460; *see, People v Jones,* 73 NY2d 427, 430). Here the prosecution's rebuttal psychiatric witness delineated the psychiatric reports, physical and mental examinations, medical records and testimony upon which she relied in forming her opinion so that the testimony was admissible and subject to whatever weight the jury conferred upon it *(see,* McLaughlin, 1989 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4515 [1990 Supp Pamph], at 385-386).

We also find no merit to defendant's contention that County Court's jury charge was improper. Regarding the instructions about the voluntariness of defendant's written inculpatory statement, our review of the record reveals that County Court properly touched on the effects voluntary intoxication, mental illness and seclusion from family members could have on voluntariness and charged that the jury could consider any evidence presented bearing on voluntariness. Indeed, County Court correctly advised the jury to consider the totality of the circumstances in considering voluntariness *(see,* 1 CJI[NY] 11.06, at 676). Also contrary to defendant's contentions, County Court's instructions on the elements of manslaughter in the second degree were proper. Defendant's argument concerning the instructions given about the victim's excited utterances relate to admissibility, already discussed.

Defendant also argues that he was prejudiced by the manner in which testimony was reread to the jury. During deliberations, the jury requested that various witnesses' testimony be read. After the direct examination of Evans was read, a meal recess was taken, with Evans' cross-examination to be read following the break. Upon returning, the jury advised that

Evans' cross-examination was no longer desired. Defendant objected to this procedure but County Court, after confirming that the jury did not desire to hear Evans' cross-examination, proceeded with other matters. We see no error as County Court responded meaningfully to the jury's request *(see,* CPL 310.30). We are aware of no precedent requiring a court to mandate that a jury listen to testimony which the jury itself has decided is not necessary *(see, People v Sturgis,* 124 AD2d 1045).

Finally, we see no reason to modify defendant's sentence, which cannot be termed harsh, excessive or an abuse of County Court's discretion. Defendant's claim that the sentence makes him ineligible for a special counseling program for certain veterans is not substantiated by the record as the Rensselaer County Chief of Veterans' Services, apparently the program director, clearly testified to defendant's eligibility regardless of sentence. In any event, defendant has squandered numerous opportunities for assistance in the past and his failure to be afforded another opportunity cannot be deemed so exceptional as to require our intervention.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Levine and Harvey, JJ., concur.