■ The People of the State of New York, Respondent, v Jesse Spruils, Appellant. [643 NYS2d 563]

236

The verdict was not against the weight of the evidence. Although defendant challenges the credibility of the prosecution witnesses, the jurors were free to accept or reject any part of their testimony and their determination to credit such testimony is to be accorded great weight on appeal (*People v Siu Wah Tse*, 91 AD2d 350, 352, *lv denied* 59 NY2d 679). Any inconsistencies in the testimony of the witnesses who observed the incident from different vantage points were inconsequential.

Defendant's contention that the court erred in permitting a prosecution witness's testimony to be impermissibly bolstered by the testimony of two detectives is not preserved for appellate review (CPL 470.05 [2]), and we decline to review it in the interest of justice. If we were to review it, we would find that the prosecutor properly inquired of the detectives as to whether the eyewitness had initially identified defendant by name to the police after defense counsel's cross-examination of the eyewitness opened the door to such testimony (*People v Carll*, 184 AD2d 236, *lv denied* 80 NY2d 902).

Defendant's contention that he was deprived of a fair trial by the court's belated response to the jurors' requests for readback of a witness's testimony which was favorable to him has not been preserved for appellate review (CPL 470.05 [2]; *People v Nevins*, 178 AD2d 107, 108, *lv denied* 79 NY2d 922), and we decline to review it in the interest of justice. If we were to review it, we would find that the court properly exercised its discretion in initially requesting clarification of the jury's note (*People v Lykes*, 81 NY2d 767), in then refusing to read back the witness's testimony at that point, since, as verified by the foreperson, that was not what the jurors requested to hear (*People v Almodovar*, 62 NY2d 126, 132), in additionally indicating to the jurors a continued willingness to abide by their wishes (*People v Gadson*, 161 AD2d 795, *lv denied* 76 NY2d 857) and in then selecting and reading back the portion of the witness's testimony which it believed the jurors wanted to hear, as indicated in their subsequent note (*People v Almodovar, supra*). Clearly, the procedures employed by the court were designed to respond meaningfully to the jurors' notes (*supra*, at 131), and did not coerce a verdict nor dissuade the jury from considering testimony which was favorable to the defense. The suspension of deliberations for the evening, prior

to reading back the testimony in question, did not deprive defendant of a fair trial (*see, People v Fitzgibbon*, 166 AD2d 745, 747-748, *lv denied* 77 NY2d 838). Concur—Sullivan, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.